UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERTO BENITEZ,

    Plaintiff,

v.                                                Case No: 6:15-cv-2010-Orl-22JSS

COMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT'S UNOPPOSED MOTION FOR ENTRY OF JUDGMENT
WITH REVERSAL AND REMAND OF THE CAUSE TO THE DEFENDANT**

THIS MATTER is before the Court on Defendant's Unopposed Motion for Entry of Judgment with Reversal and Remand of the Cause to the Defendant. (Dkt. 21.) Defendant, the Commissioner of Social Security ("Commissioner") requests, under sentence four of 42 U.S.C. § 405(g), that judgment be entered reversing the decision of the Commissioner and remanding to the Administrative Law Judge ("ALJ") for the ALJ's further evaluation of the Plaintiff's claim, including:

> Plaintiff's residual functional capacity, whether Plaintiff can perform his past relevant work, and if not, whether Plaintiff can perform a significant number of jobs that exist in the national economy. If necessary, the ALJ will obtain evidence from a vocational expert to determine what work Plaintiff can perform.

(Dkt. 21.) Plaintiff has no objection. (Dkt. 21.)

Pursuant to sentence four of 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). When a case is remanded under sentence four of § 405(g), the district court's jurisdiction over the plaintiff's case is terminated. *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996); *Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990) (finding that a district

court's order remanding under sentence four of § 405(g) "terminated the civil action challenging the Secretary's final determination that respondent was not entitled to benefits"). "Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).

A remand under sentence four of § 405(g) "is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits." *Jackson*, 99 F.3d at 1095. Here, the Commissioner concedes error by requesting a reversal of the Commissioner's decision. Accordingly, it is

**RECOMMENDED**:

1. The Commissioner's Unopposed Motion for Entry of Judgment with Reversal and Remand of the Cause to the Defendant (Dkt. 21) be **GRANTED**.

2. The Commissioner's decision denying Plaintiff's application for a period of disability and disability insurance benefits be **REVERSED**.

3. The case be **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the reasons stated in the Commissioner's Unopposed Motion (Dkt. 21).

4. The Clerk of the Court be directed to terminate all other pending motions and close this case.

**IT IS SO REPORTED** in Tampa, Florida on May 25, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Anne C. Conway
Counsel of Record